# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTHONY HOEPF,
Plaintiff

Case No. 1:05-cv-314

vs

MONA PARKS, et al.,
Defendants

**REPORT AND RECOMMENDATION**
(Barrett, J.; Hogan, M.J.)

This matter is before the Court on defendants' summary judgment motion, (Doc. 30), and plaintiff's memorandum in opposition to summary judgment and request that plaintiff's motions for supplemental relief and to provide supplemental evidence (Docs. 18, 20) be considered in response to defendants' motion. (Doc. 33).

Plaintiff's complaint alleges that defendants have denied his request for a medical cell placement in violation of the United States Constitution and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Plaintiff alleges he suffers from a severe vision impairment and a urological medical condition for which he uses a catheter. He alleges that specialists at the Ohio State University Hospital and Corrections Medical Center have ordered plaintiff be housed in a "medical cell" because of his impairments. Plaintiff alleges that defendants' repeated denial of his requests for a medical cell placement violates his constitutional rights and the ADA. Plaintiff's complaint names the defendants in their official capacities only and includes a request for injunctive, declaratory, and monetary relief. On July 26, 2005, the Court sua sponte dismissed plaintiff's 42 U.S.C. § 1983 and ADA claims for damages, finding such claims are

barred by the Eleventh Amendment.[1] (Doc. 16). The Court permitted plaintiff's constitutional and ADA claims for injunctive or declaratory relief to go forward. (Id.). Defendants now move for summary judgment as to all plaintiff's remaining claims.

Defendants contend that summary judgment is appropriate with respect to defendant Wilkinson because there are no allegations that defendant Wilkinson directly participated in the alleged deprivation of plaintiff's constitutional or statutory rights, and pursuant to 28 U.S.C. § 1983, liability cannot be imposed vicariously. Defendants also contend that plaintiff's constitutional and ADA claims should be dismissed on summary judgment because defendants' denial of plaintiff's requests for a medical cell placement was properly reviewed pursuant to defendants' administrative policies and procedures. Defendants further argue that because plaintiff's requests for accommodation were properly reviewed and denied under internal administrative procedures, plaintiff did not suffer an injury and therefore lacks standing to seek declaratory or injunctive relief.

In response to defendants' motion, plaintiff appears to argue that he still uses a catheter for a bladder problem and that he was placed on medical restrictions requiring a medical cell placement prior to the filing of the within action. (Doc. 33). In support of plaintiff's allegations, he asks the Court to consider the arguments and documents submitted in support of his motions for supplemental relief and to provide supplemental evidence, as well as a document attached to

---

[1] Assuming, without deciding, that this Court's prior order is not in accord with the Supreme Court's decision in *United States v. Georgia*, 126 S. Ct. 877 (2006), the net effect is the same. As set forth more fully below, the Court finds that defendant's summary judgment motion should be granted as to plaintiff's ADA claim because plaintiff has failed to present evidence sufficient to raise a genuine issue of fact as to whether he is a qualified individual with a disability or whether defendants denied him reasonable accommodation or other services to which he was entitled because of his disability.

2

his memorandum in opposition to summary judgment. (Docs. 18, 20, 21, 33). While these filings do not appear to offer any new legal arguments, the Court will consider the attachments filed therewith. They include a form dated January 15, 1997 and apparently signed by plaintiff, and defendant Parks, which states:

> THIS IS TO VERIFY THAT I HAVE BEEN INSTRUCTED ON SELF CATHETERIZATION BY THE MEDICAL STAFF AT S.O.C.F. I HAVE BEEN GIVEN A SHEET OF INSTRUCTIONS AND I UNDERSTAND THE PROCEDURE.

(Doc. 20, Ex. A). Plaintiff has also submitted a copy of a filing captioned, "Plaintiffs' Response in Opposition to Motion to Amend Complaint by Class Member Hoepf" from *Fussell v. Wilkinson,* Case No. C-1-03-704, (S.D. Ohio)(Beckwith, C.J.). Finally, plaintiff filed a copy of a November 21, 2005 letter to plaintiff from defendant Daley, ADA Coordinator for the Ohio Department of Rehabilitation, which states that the defendants had reviewed plaintiff's appeal and upheld the administrative decision to deny plaintiff's request for a medical cell placement. In addition to these documents, plaintiff previously filed a "Medical Affidavit" in which he avers that an "ophthalmology clinic specialist" wrote a medical order for plaintiff to be placed in a medical cell due to "a diagnosed loss of vision." (Doc. 12). As will be demonstrated below, even upon consideration of this evidence, defendants are entitled to summary judgment.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving

3

party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### Summary Judgment Should Be Granted on Plaintiff's § 1983 Claims

Plaintiff has failed to come forward with evidence sufficient to raise a genuine issue of material fact with respect to his § 1983 claim that defendants denied him medical care. In order to establish a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 297-300.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834, quoting *Wilson*, 501 U.S. at 298. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seizer*, 501 U.S. 294, 298 (1991), citing *Rhodes*, 452 U.S. at 347. *See also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendants acted with deliberate

5

indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendants ignored a known risk of harm. *Farmer*, 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Plaintiff's evidence is insufficient to support either the objective or subjective components of his claim. Plaintiff has not alleged a deprivation that is sufficiently serious to deny "a minimized level of life's necessities." Even assuming that plaintiff's allegations do demonstrate the requisite seriousness, from an objective standpoint, there is no evidence that defendants ignored a known risk of harm to plaintiff. In fact, the record demonstrates that defendants responded to each of plaintiff's requests for accommodation and his appeals thereof. Moreover, plaintiff does not dispute that he received medical treatment for his underlying conditions, including glasses and medication to correct his vision problems and treatment of his urinary problem including catheterization.

Rather, plaintiff alleges that doctors from Ohio State University Medical Center and or the ophthalmologist who treated plaintiff for his vision problems ordered that he be placed in a medical cell. There is no evidence on the record to support this allegation. However, assuming it to be true, the fact that one doctor may have recommended a medical cell placement and defendants may have disagreed with that medical opinion, does not give rise to a deliberate indifference claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976). *See also McGee v. Turner*, 124 F.3d 198 (6th Cir. 1997)(unpayable.), 1997 WL 525680 at *5 (difference of opinion among professional as to accepted treatment does not constitute deliberate indifference); *Pohlman v. Stokes*, 687 F. Supp. 1179, 1182 (S. D. Ohio 1987)(complaint must allege more than malpractice, negligence, or

6

difference in professional opinion). Accordingly, there is no issue of fact as to whether defendants acted with deliberate indifference by refusing plaintiff's repeated requests for a medical cell placement, and summary judgment should be granted for defendants on plaintiff's § 1983 claim.

### Summary Judgment Should Be Granted on Plaintiff's ADA Claims

As defendants acknowledge, the Supreme Court has held that Title II pf the ADA applies to state prisons and inmates. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998). Moreover, the Supreme Court recently held that Title II of the ADA validly abrogates the sovereign immunity of the states and permits recovery for a private cause of action for damages for conduct that is proved to *actually* violate the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. —, 126 S. Ct. 877, 879 (2006). In order to state a claim under Title II of the ADA, a prisoner must show: (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disability. *Toney v. Goord*, 2006 WL 24968859, *6 (N.D.N.Y. Aug. 28, 2006)(citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). In the present case, plaintiff has failed to come forward with any evidence to create even a genuine issue of fact regarding whether he is a qualified individual with a disability. Plaintiff's lone assertion that he is disabled is legally insufficient to establish this fact. 42 U.S.C. § 12102(2); *Bragdon v. Abbott*, 524 U.S. 624, 630 (1998); *Toney*, 2006 WL 2496859 at *8-9. Similarly, he has failed to present any evidence that he was denied the requested accommodation– assignment to a medical cell– by reason of his disability. *Gowins v. Greiner*, 2002 WL 1770772, at *10 (S.D.N.Y. July 31, 2002); *Ostendrof v. Dawson County Corrections Bd.*, 2002 WL 31085085, at *5-6 (D. Ne. Sept. 18, 2002). For these reasons,

7

summary judgment should be granted for defendants on plaintiff's ADA claims.

IT IS THEREFORE RECOMMENDED THAT: defendants' motion for summary judgment be granted and this case be dismissed from the docket of this Court.

Date: 9/6/06

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1: 05cv314 Doc. 40

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Anthony Hoepf # 259-692<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699-001 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0006 5230 5134 |

PS Form 3811, August 2001　　Domestic Return Receipt　　102595-02-M-0835